State v. Walker

---

STATE OF NORTH CAROLINA v. ROBERT EDWARD WALKER

No. 7426SC538

(Filed 3 July 1974)

1. **Insurance § 112.5— fraudulent insurance claim — real injury**

    The filing of an insurance claim based on an accident admittedly staged with the intent to defraud the insurance company is a violation of G.S. 14-214, even if one who stages the accident is actually injured.

2. **Criminal Law § 128— news broadcast — no prejudice to defendant — mistrial denied**

    The trial court did not abuse its discretion in denying defendant's motion for a mistrial on the ground of prejudicial news media publicity during the trial where defendant offered evidence that a radio station broadcast a news report to the effect that defendant had entered a plea of guilty in an insurance fraud case, but no member of the jury indicated that he had heard any such newscast.

State v. Walker

**3. Criminal Law § 89— questioning of own witness by State — corroboration**

The State may question its own witnesses about criminal convictions for the same incident and the same conduct with which defendant is charged, not for the purpose of discrediting them, but as corroborative evidence showing a common plan or scheme; therefore, the trial court did not err in allowing the solicitor to question several witnesses as to whether they had been convicted of making a fraudulent insurance claim growing out of the same accident involving defendant.

**4. Insurance § 112.5— fraudulent insurance claim — policy not in evidence**

In a prosecution for presenting a false and fraudulent insurance claim the trial court properly denied defendant's motion for nonsuit based on the State's failure to introduce into evidence the insurance policy under which the claim was made, since the testimony of the manager of the underwriting of insurance plans for the company in question and the insurance adjuster who handled the claim for the company was sufficient to indicate a contract of insurance.

ON *certiorari* to review the trial and judgment of *Ervin, Judge,* at the 1 October 1973 Session of MECKLENBURG Superior Court.

Heard in the Court of Appeals 13 June 1974.

The defendant, under G.S. 14-214, was charged with and convicted of feloniously and knowingly presenting a false and fraudulent insurance claim. The State's evidence tended to show that the defendant and several others staged an automobile accident between two cars by cutting the brake line on one car, a Buick, and having it run into another car, a Ford Thunderbird, from behind when the other car was stopped at a stop sign. The defendant was one of the occupants of the Thunderbird. The defendant filed a claim with Nationwide Mutual Insurance Company, together with a physician's statement for services rendered by one Dr. Emery L. Rann. Dr. Rann's bill was for $185.00. Defendant's claim was settled for $735.00 and the insurance company issued two drafts, one for $550.00 payable to the defendant, and the other for $185.00 payable to the defendant and Dr. Rann. From a verdict of guilty as charged and a sentence of not less than two nor more than five years in the State Prison, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Jerry J. Rutledge for the State.*

*Edmund A. Liles for defendant appellant.*

State v. Walker

CAMPBELL, Judge.

[1]   The defendant assigns as error the failure of the trial court to grant his motion for judgment as of nonsuit. The defendant argues that there was no evidence that he was not in fact injured in the automobile accident and no evidence that the doctor's report was false. Defendant argues that regardless of whether or not an accident is staged, that, if a person is actually injured by injecting too much realism into the act, any one of the cast of players could present a valid claim for insurance without violating G.S. 14-214. We do not agree. The record is replete with evidence as to the fraudulent staging of the accident. In the face of the other evidence, the credibility of the physician's report is at least suspect. We hold that the filing of an insurance claim based on an accident admittedly staged with the intent to defraud the insurance company is a violation of G.S. 14-214.

[2]   Defendant also assigns as error the failure of the trial court to grant his motion for a mistrial on the grounds of prejudicial news media publicity during the trial. In the absence of the jury the defendant offered evidence that on the second day of the trial a local radio station broadcast a news report to the effect that defendant had entered a plea of guilty in an insurance fraud case. In regard to the newscast the trial judge asked the jurors if any of them had heard a radio newscast concerning the case. No member of the jury indicated that he had heard any such newscast. The trial court then denied defendant's motion. The allowance or denial of a motion for mistrial in criminal cases, less than capital, rests in the discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. 3 Strong, N. C. Index 2d, Criminal Law, § 128, p. 49 (1967). Defendant has failed to show any abuse of discretion and the assignment of error is overruled.

[3]   Defendant further contends that it was error for the trial court to allow the solicitor, over defendant's objection, to question Betty Jean Cunningham, Mary Nell Reel, James Douglas and Lewis Miller as to whether they had been charged with making a fraudulent insurance claim growing out of the same accident involving defendant. Each of the witnesses admitted that they had been so charged and that they each had entered a plea of guilty at their trial. The defendant correctly contends that the State may not impeach its own witnesses. *State v. Horton*, 275 N.C. 651, 170 S.E. 2d 466 (1969), *cert. denied*, 398 U.S.

959, 90 S.Ct. 2175, 26 L.Ed. 2d 545 (1970). However, it is quite permissible for the State to question its own witnesses about criminal convictions for the same incident and the same conduct with which defendant is charged, not for the purpose of discrediting them, but as corroborative evidence showing a common plan or scheme. See generally, Stansbury's North Carolina Evidence, § 92, p. 293 (Brandis Revision, 1973), and 2 Strong, N. C. Index 2d, § 34, p. 536 (1967), which we consider instructive even though not directly in point.

[4] Finally, defendant contends that it was error not to grant his motion for judgment as of nonsuit because the State, by failing to introduce into evidence the insurance policy, failed to prove that a contract of insurance existed which is required by G.S. 14-214. However, Mr. Jerry D. Daughtry, manager of the underwriting of insurance plans for Nationwide Mutual Insurance Company, testified for the State that his duties included the supervision and maintenance of the company records. Mr. Daughtry produced from his files the records of the company concerning "policy number 61-609-190". Testifying from these documents, Mr. Daughtery stated that Nationwide Mutual Insurance Company policy number 61-609-190 was in effect on the date of the accident with coverage for a 1960 Buick automobile owned by Blaine Robinson. Mr. Daughtry further testified that the policy jacket is mailed to the insured. A Mr. Paul Roy, apparently an insurance adjuster, testified that he handled defendant's claim under Nationwide Mutual Insurance Company policy number 61-609-190 for an accident allegedly occurring on 7 June 1972, and that he reached a settlement with defendant and paid the claim for seven hundred thirty-five dollars ($735.00). Mr. Roy further identified the physician's report, the release signed by the defendant, and the endorsed drafts for the settlement which Mr. Roy had delivered to the defendant. Taking the evidence in the light most favorable to the State, we find no error in the denial, by the trial court, of defendant's motion for judgment as of nonsuit. The evidence was sufficient to indicate a contract of insurance.

We have reviewed defendant's other assignments of error and find them without merit.

No error.

Chief Judge BROCK and Judge HEDRICK concur.